No. 68.—ANDREW Y. HAMPTON, plaintiff in error, vs. JOHN R. HAMPTON, defendant in error.

[1.] The Act of 1854, "to amend an Act for the better protection and security of orphans and their estates, approved February 18th, 1799, by extending the provisions of the fifth section thereof to trustees and their estates," gives a remedy against the *executors* or *administrators* of trustees, but none against the trustees themselves.

In Equity, in Dougherty Superior Court. Application for and sanction of injunction, by Judge PERKINS, May Term, 1855.

The bill filed, in this case, by John R. Hampton and Charles W. Horn, next friend of George W. Hampton and Elliot L. Hampton, minors, sets forth that Andrew Y. Hampton, the guardian of said John R., George W. and Elliot L. received, as guardian of said minors, in December, 1852, from the administrator of their former guardian, between five and six thousand dollars in notes and money, besides divers negro slaves, the property of said minors; amounting, in all,

to fourteen thousand seven hundred and fifty dollars, in negroes; and afterwards, to wit: on the first of January, 1853, the said guardian received four other negroes, the property of said minors, of the value of thirty-three hundred dollars; that the said Andrew Y. Hampton took into his actual possession, and had under his control and management, the aforesaid negro property, and converted to his own use, by hiring out the negroes at large rates yearly, to the amount of from two to three thousand dollars each year, and converting to his own use the proceeds arising therefrom, up to the first of January, 1854, when the said John R. coming of age, he turned over to him his share of his negroes, and continued in possession, and control, and management of the negroes, belonging to the other two minors, up to the first of January, 1855; that the said Andrew Y. Hampton, in principal and interest belonging to said minors, converted to his own use, in the purchase of property in his own name, and otherwise, between fifteen and sixteen thousand dollars, which property has been seized upon by the Sheriff of said Dougherty County, and sold under divers *fi. fas;* and that a large portion of the proceeds of said Sheriff's sale is now in the hands of said Sheriff; that said Hampton is hopelessly insolvent; and that the security of said Hampton, on his guardian's bond, will be unable to respond, if he should be made liable on the whole amount so used and appropriated by said Hampton.

The bill prays for discovery, injunction and relief. Judge Perkins sanctioned the injunction, and the defendants, Andrew Y. Hampton and John A. Phillip, Sheriff, excepted to the sanctioning, allowing and granting said injunction.

R. F. LYON, for plaintiff in error.

MORGAN, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] There is equity in this bill. If the trustee converts the

trust property from the form in which it is, into some other form, the *cestui que trust* has the right to follow the property into the new form. (2 *Stor. Eq.* §1258.)

It is true, the bill is defective in some respects. It needs additional parties. It would be much the better for more distinctness and particularity in some of the allegations, especially those of the allegations that go to make out the point that the fund the complainants are in pursuit of, is a fund into which the trust property was converted. But in these respects, the bill is amendable.

The question, however, which was made the chief one before this Court, was whether this case was within the Act of 1854, " to amend an Act for the better protection and security of orphans and their estates, approved February 18th, 1799, by extending the provisions of the fifth section thereof to trustees and their estates."

The first section of that Act declares as follows : " That from and after the passage of this Act, the provisions of the fifth section of the Act above recited be, and the same are hereby extended and made applicable to the estates of all trustees in this State, who may have converted to their own use, wasted, destroyed or died chargeable to the estates of their *cestui que trust: Provided*, said trustees have had the actual possession, control and management of the property vested in them as such." (*Acts* 1853–'4, 70.)

The provisions of the fifth section of the Act referred to, are to be extended to the estates of all trustees who may have converted to their own use, wasted, destroyed or died chargeable to the estates of their *cestui que trust*. This is the first section of this Act.

The fifth section of the Act referred to is as follows : "When any guardian, executor or administrator, chargeable with the estate of any orphan or deceased person, to him, her or them committed, shall die so chargeable, his, her or their executors or administrators shall be compellable to pay, out of his, her or their estate, so much as shall appear to be due

to the estate of such orphan or deceased person, before any other debt of such testator or intestate."

This gives a remedy against the *executors or administrators* of guardians, executors and administrators, but none against the guardians, executors and administrators themselves. How, then, is it that this remedy is to be extended to " the estates of all trustees who may have converted to their own use, wasted and destroyed, or died chargeable to the estates of their *cestui que trust?*" By making the remedy reach the *executors or administrators* of all such trustees, not by making the remedy reach *such trustees themselves.* There is nothing in the Act which authorizes a suit against a person in any other capacity than that of executor or administrator. Therefore, there is nothing in the Act which could " be extended and made applicable" to a suit against a person in any other capacity than that of executor or administrator. And therefore, there is nothing in it which could " be extended and made applicable" to a suit against a guardian or against a trustee, for such a suit would be against a person in a capacity different from that of executor or administrator.

Hence, although we think that the Court did right to sanction the bill, we do not think that this Act of the Court owed its being right to this Statute of 1854, but to the principle of equity indicated in the first part of this opinion.